225 P.3d 816 (2009)
2009 OK CIV APP 86
In the Matter of A.G., an Alleged Deprived Child.
Carol and Alan Guerra, Respondents/Appellants,
v.
The State of Oklahoma, Petitioner/Appellee.
No. 106,339. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
June 11, 2009.
Certiorari Denied October 5, 2009.
*817 Danny C. "Dan" Williams, Dan Williams, Attorney, Rush Springs, OK, for Respondents/Appellants.
Leslie K. Porter, Brett Burns, Kory Slade Kirkland, District Attorney's Office, Chickasha, OK, for Petitioner/Appellee.
W.R. Moon, Sr., Deborah A. Moon, Gina Lowe, Moon and Moon, Chickasha, OK, for Minor Child.
*818 ROBERT DICK BELL, Presiding Judge.
¶ 1 Appellants, Alan Guerra (Father) and Carol Guerra (Mother), seek review of the trial court's judgment entered upon a jury verdict terminating their parental rights to A.G., the minor child. We hold the judgment is supported by clear and convincing evidence and that Appellants were afforded their constitutional right to counsel and due process and affirm.
¶ 2 The child was born November 17, 1992. He was removed from his biological family in Utah and placed in the custody of child protective services. The child was adopted by Appellants in 2002. Since that time, Appellants have lived a transient lifestyle and each has been incarcerated twice. As a result, the child was placed in the Department of Human Services (DHS) custody on two previous occasions. On August 2, 2006, the child ran away from home and was picked up by the police. The child alleged he was being physically and mentally abused by Appellants. On August 3, 2006, the child was removed from Appellants' home and care and placed in emergency custody due to physical and mental abuse. The child stated Appellants previously abandoned him, locked him in his room at night using ropes and strings, threatened him with knives, denied him food and committed other acts of mental and physical abuse.
¶ 3 A show cause hearing was held on August 4, 2006. Both Father and Mother appeared without counsel. The court advised Appellants they had a right to an attorney at all hearings concerning the child and if they could not afford one, an attorney would be appointed by the court. Appellants declined to have legal counsel appointed on their behalf. Appellants' state they declined legal representation because a DHS caseworker informed them prior to the hearing that they only had to complete the service plan and the child would be returned to them.
¶ 4 The child was adjudicated deprived on September 5, 2006, and placed in DHS custody. A disposition hearing was conducted on October 3, 2006, and a treatment plan was ordered. On November 21, 2006, legal counsel was appointed to represent Appellants. On March 19, 2008, the State filed a petition to have Appellants' parental rights terminated. The matter was set for jury trial the week of August 18, 2008. Appellants filed a motion for continuance on August 8, 2008. At the continuance hearing, Appellants challenged Father's competency to assist his defense attorney due to a medical condition occurring around July 2008. The court granted the continuance and appointed a Guardian Ad Litem (GAL) to protect Father's interests.
¶ 5 A jury trial was conducted August 25, 2008. During the jury trial, both parties introduced documentary evidence and testimony of witnesses. At the conclusion of trial, the jury found the State proved, with clear and convincing evidence, the grounds for terminating Appellants' parental rights pursuant to 10 O.S.2001 § 7006-1.1(A)(5) for failure to correct the conditions which lead to the deprived child adjudication, § 7006-1.1(A)(10) for Appellants' infliction of chronic abuse upon the child, § 7006-1.1(A)(15) because the child has been in foster care for fifteen (15) out of the most recent twenty-two (22) months preceding the filing of the termination petition, and because termination of Appellants' parental rights is in the child's best interests. The jury entered a verdict terminating Appellants' parental rights. On September 22, 2008, the trial court entered its judgment upon the jury verdict terminating Appellants' parental rights. Appellants appealed. This Court's standard of review upon the appeal of a judgment terminating parental rights is to determine whether the trial court's judgment is supported by clear and convincing evidence. In re S.B.C., 2002 OK 83, ¶ 7, 64 P.3d 1080, 1083.
¶ 6 For their first assignment of error, Appellants contend the court violated their constitutional right to counsel because it failed to appoint an attorney for Appellants at the beginning of these proceedings. In parental rights termination cases, parties have a constitutional and statutory right to be represented by an attorney. In re K.L.C., 2000 OK CIV APP 98, ¶ 7, 12 P.3d 478, 480, citing Art. 2, § 7, OKLAHOMA CONSTITUTION and 10 O.S.2001 § 7003-3.7(A). However, *819 under the facts of this case, we cannot find Appellants' right to counsel was violated.
¶ 7 "[A]ll defendants, including indigents, in criminal proceedings have a constitutional right, almost unlimited, to elect to proceed pro se provided the election is made in a voluntary, knowing and intelligent manner." Johnson v. State, 1976 OK CR 292, ¶ 8, 556 P.2d 1285, 1294, citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Thus, when the record establishes a defendant was made aware of the dangers and disadvantages of self-representation, yet said defendant voluntarily, knowingly and intelligently makes the choice to proceed pro se, the defendant cannot thereafter complain that the trial court committed error by permitting him to exercise the right of self-representation. Johnson, supra. We hold the same standard applies to a respondent in proceeding to terminate parental rights.
¶ 8 Here, the trial court advised Appellants about their right to counsel at the show cause proceeding. Notwithstanding said advice, Appellants initially chose to proceed without legal representation. The record further reflects legal counsel was appointed for Appellants three months after the initial deprived child hearing. Based on these facts, we cannot find the trial court's acceptance of Appellants' initial informed waiver of their right to counsel was reversible error.
¶ 9 Appellants next contend the trial court committed reversible error and violated Father's due process rights because the trial court failed to investigate and determine when Father became incompetent and whether Father could effectively assist the GAL before proceeding with the jury trial. "The essence of procedural due process in the context of a proceeding to terminate parental rights is a fair opportunity to be heard and to present a defense." In re A.M., 2000 OK 82, ¶ 16, 13 P.3d 484, 489. "Whether the individual was afforded an appropriate level of process ... must be determined on a case-by-case basis because the due process clause does not by itself mandate any particular form of procedure." Id. at ¶¶ 7-9, 13 P.3d at 487 (citations omitted).
¶ 10 Appellants filed a motion for continuance approximately ten days before the scheduled jury trial. This motion informed the court about Father's stroke and physical disabilities. An affidavit averred by Father was appended to this motion. Therein, Father testified as to his physical disabilities and his defense. The court granted the continuance and appointed a GAL to represent Father's rights and interests. According to the trial transcript, the GAL fully represented Father's interests at trial. The record demonstrates the GAL actively participated in the jury trial and advocated against the termination of Father's parental rights. The record also supports the conclusion that Father was able to assist the GAL in preparing for Father's defense. Consequently, we cannot find Father's due process rights were violated.
¶ 11 Appellants final assignment contends the trial court erred in terminating their parental rights on the basis they failed to correct the conditions that caused the child's removal because DHS and its agents prevented Appellants' compliance with the treatment plan. Specifically, Appellants argue DHS prevented their completion of the family counseling requirement in the treatment plan because DHS refused to produce the minor child for said counseling. Appellants further argue it is unjust to terminate their parental right on this basis because Father struggled to attend the counseling sessions, believing this would allow reunification with the child.
¶ 12 We recognize parental rights should not be terminated due to a parent's failure to timely correct a condition which led to a deprived child adjudication when the deficiency is "contributed to by the agent to whom is entrusted the duty to help salvage the family relationship." Matter of Christopher H., 1978 OK 50, ¶ 18, 577 P.2d 1292, 1295. However, the record in this case does not support Appellants' claim that their rights were terminated solely because they failed to complete family counseling or that Father's stroke excused said non-compliance. Instead, the clear and convincing evidence shows Appellants had ample opportunities to correct the deficient conditions prior to Father's *820 disabling stroke. They simply failed to fully address said deficiencies or fulfill the court ordered requirements.
¶ 13 The clear and convincing evidence further demonstrated Mother continued to deny any culpability for the conditions that led to the deprived child adjudication. Instead, she blamed the child for his removal by describing him as a deceitful and manipulative liar and thief. The State's evidence contradicted Mother's testimony. The State's witnesses testified the child is a typical, honest, polite and happy teenager. The State's evidence further showed the child has thrived in numerous foster care and shelter placements during the two years following his removal from Appellants' home, and that the child adamantly refused to return to Appellants' care fearing reprisal and injury. The State's witnesses explained such behavior strongly evinces the veracity of the child's claims of Appellants' ongoing abuse.
¶ 14 After reviewing this record, we find the State sustained its burden of showing with clear and convincing evidence the conditions for termination of Appellants' parental rights pursuant to § 7006-1.1(A)(5),(10) and (15). We further find the State sustained its burden of showing with clear and convincing evidence that it was in the child's best interest to terminate Appellants' parental rights. Accordingly, the trial court's judgment entered upon a jury verdict terminating Appellants' parental rights is affirmed.
¶ 15 AFFIRMED.
ADAMS, J., concurs in result, and BUETTNER, J., concurs.